■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YAKOV SMOLYANSKI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cirigliano, J.), rendered November 7, 1990, convicting him of attempted murder in the second degree, burglary in the first degree (two counts), assault in the second degree (two counts), criminal possession of a weapon in the fourth degree (three counts), attempted assault in the second degree, and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At his trial, the defendant, who had emigrated from Russia in 1979, requested that he be allowed to testify in English and thereafter was, for the most part, allowed to do so on his direct examination. Before the onset of cross-examination, the court stated that the defendant would be required to testify through an interpreter on cross-examination because "some of the record" had not come out as clearly as the court would

have hoped. The defendant thereafter testified entirely through an official interpreter on cross-examination.

The defendant now contends that the court's decision requiring him to testify through an interpreter on cross-examination without first correcting the direct examination by repeating it with the aid of an interpreter deprived him of his right to a fair trial.

The defense counsel neither objected to the court's decision nor requested that the defendant be required to testify through an interpreter on direct examination. The claim is therefore unpreserved for appellate review (see, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, the defendant has failed to demonstrate that he was prejudiced by the ruling. Indeed, although the defendant maintains that the court's ruling assured that the jury would understand only that version of his facts which was elicited on cross-examination, the account provided by the defendant (through the interpreter) on cross-examination was entirely exculpatory. Moreover, although the testimony elicited from the defendant on direct examination was occasionally nonresponsive and rambling, the defendant ultimately succeeded in conveying an exculpatory version of the facts that was consistent with his testimony on cross-examination.

Although the prosecutor's conduct in arguing with the defendant on cross-examination was improper (see, e.g., *People v Sandy*, 115 AD2d 27), we conclude that any error was harmless in view of the isolated nature of these occurrences and the overwhelming evidence of the defendant's guilt (see, *People v Crimmins*, 36 NY2d 230).

The sentence imposed by the court was not excessive (see, *People v Suitte*, 90 AD2d 80). Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.